UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLANTIC CASUALTY
INSURANCE COMPANY,

                Plaintiff,

     v.

ELJIN CONSTRUCTION, JOHN MCGRAW,
MARJORIE MCGRAW, and JOAN GRANLUND,

                Defendants.
------------------------------------------------------------X

Case No. 07 CV 11264

## COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY JUDGMENT

      Plaintiff ATLANTIC CASUALTY INSURANCE COMPANY ("Atlantic Casualty"), by its attorneys, as and for its Complaint for Declaratory Judgment and Money Judgment, alleges as follows:

### THE NATURE OF THIS ACTION

    1.    This insurance coverage and declaratory judgment litigation arises out of claims that Eljin Construction ("Eljin") and John and Marjorie McGraw (the "McGraw defendants"), are entitled to coverage in connection with an underlying incident involving the June 27, 2003 pipe leak that occurred in apartment 14B, belonging to Joan Granlund ("Granlund"), in a building located at 825 5th Avenue, New York, New York (the "underlying incident") and all resulting claims including the action entitled <u>Pacific Indemnity Ins. Co. a/s/o Joan Granlund v. Eljin Construction, Inc., John McGraw and Marjorie McGraw</u>, Index No. 105908/06, Supreme Court of the State of New York, New York County, filed on May 1, 2006 (the "Granlund Action").

2. It is alleged that Joan Granlund owned and resided at 825 5th Avenue, apartment 14B, New York, New York. The McGraw defendants allegedly resided in apartment 15A of the same building. (See Granlund Action Complaint)

3. It is further alleged that, on or about June 27, 2003, Eljin was working at the McGraw defendants' apartment when a pipe burst, allegedly causing damage to Joan Granlund's apartment. (See Granlund Action Complaint)

4. Atlantic is providing Eljin Construction with a courtesy interim defense in the Granlund Action, subject to its coverage defenses and resolution of the coverage issues in this action.

5. In this action, Atlantic Casualty respectfully requests a judicial determination that it has no obligation to provide insurance coverage to Eljin Construction, the McGraw defendants, or anyone for the underlying incident and all resulting claims including the Granlund Action. Atlantic Casualty's action is based upon the terms, conditions, provisions and exclusions of the Atlantic Casualty insurance contract, which is fully incorporated herein. Among other things, there was gross late notice to Atlantic Casualty and a failure to cooperate with Atlantic Casualty, which bar coverage under settled law.

6. In addition, Atlantic Casualty seeks a money judgment recouping all amounts Atlantic Casualty incurs for the defense and any indemnity, plus interest, for the Granlund Action, including $1,000.00 for the cost of fronting the sanctions imposed on Eljin in the Granlund Action.

## JURISDICTION AND VENUE

7. Atlantic Casualty files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

8. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

9. There is complete diversity of citizenship between Atlantic Casualty and the defendants.

10. Venue in this District is proper under 28 U.S.C. § 1391(a) (1), (2), (3) and (c).

11. An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contract issued by Atlantic Casualty.

12. Atlantic Casualty is, therefore, entitled to bring the instant declaratory relief and money judgment action in this Court.

## THE PARTIES

13. Atlantic Casualty Insurance Company is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. Atlantic Casualty transacts business in the State of New York.

14. Upon information and belief, at all relevant times, defendant Eljin Construction is a New York corporation and has its principal place of business in New York.

15.  Upon information and belief, at all relevant times, defendants John and Marjorie McGraw are resident citizens of the State of New York with an address at 825 5th Avenue, apartment 15A, New York, New York 10021.

16.  Upon information and belief, at all relevant times, defendant Joan Granlund is a resident citizen of the State of New York with an address at 825 5th Avenue, Apt. 14B, New York, New York 10021.

## THE UNDERLYING INCIDENT AND THE *GRANLUND* ACTION

17.  It is alleged by Joan Granlund that, on or before June 27, 2003, Eljin contracted with the McGraw defendants to do renovation work in the McGraw defendants' apartment.

18.  On or about June 27, 2003, it is alleged that a water pipe in the McGraw defendants' apartment allegedly burst, causing water to enter into and allegedly damage Joan Granlund's apartment.

19.  On or about May 1, 2006, the Granlund Action was commenced against Eljin and the McGraw defendants seeking to recover over $155,034.00 allegedly paid to repair Joan Granlund's apartment due to the alleged water pipe burst.

20.  The Granlund Action alleges that "on or about June 27, 2003, a water pipe ruptured and burst in the McGraw premises causing a large volume of water to overflow, leak, discharge, and otherwise escape from the McGraw premises and into the Granlund premises causing water damage to the premises and property of Granlund."

21.  The Granlund Action also alleges that Eljin and the McGraw defendants were negligent, careless, reckless, failed to manage and properly supervise the work, and failed to test

and renovate the plumbing and piping lines to avoid the alleged damage to Joan Granlund's apartment.

22. On or about May 16, 2006, Eljin was served with the summons and complaint in the Granlund Action through the Secretary of State.

23. Eljin did not answer or respond to the complaint in the Granlund Action.

24. By Decision and Order dated December 7, 2006, The Honorable Justice Walter B. Tolub granted a default judgment against Eljin in the Granlund Action.

25. By letter dated April 23, 2007, Atlantic Casualty agreed to provide a courtesy interim defense to Eljin subject to its coverage defenses.

26. By decision and order dated August 24, 2007, The Honorable Justice Water B. Tolub vacated the default against Eljin but sanctioned Eljin $1000.00.

## THE INSURANCE CONTRACT

27. Atlantic Casualty Insurance Company issued to Eljin Construction, 732 Quaker Road, Chappaqua, New York 10514, insurance contract number L082000287, with a policy period of June 21, 2003 to June 21, 2004 (the "Atlantic Casualty insurance contract").

28. The Atlantic Casualty insurance contract is subject to all of its terms, conditions, provisions and exclusions, which are fully incorporated herein by reference.

## FIRST CAUSE OF ACTION

29. Atlantic Casualty repeats and realleges each of the foregoing paragraphs "1" through "28" as if fully set forth herein.

30.     Atlantic Casualty is entitled to a declaration that there is no coverage obligation under the Atlantic Casualty insurance contract, including any duty to defend and/or indemnify anyone for the Granlund Action. While expressly incorporating and preserving all of the provisions in the Atlantic Casualty insurance contract, Atlantic Casualty is entitled to such relief for each of the reasons set forth above and the following:

a.      There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to extent that all of the terms, conditions, provisions, and exclusions of the Atlantic Casualty insurance contract (which is fully incorporated herein) apply to bar or limit coverage.

b.      There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds that there was a breach of the conditions precedent to insurance coverage, including the obligation to provide timely written notice to Atlantic Casualty of any alleged occurrence, claim and suit, to immediately provide Atlantic Casualty with copies of any demands, notices, summonses or legal papers, to cooperate, to admit no liability, to make no voluntary payments, and to incur no pre-tender sums. Here, the underlying incident allegedly occurred on June 27, 2003. Atlantic Casualty was not even sent any notice until February 23, 2004. That constitutes late notice and bars coverage as a matter of law.

c.      There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Exclusion – Independent Contractors/Subcontractors applies.

d.      There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Granlund Action does not assert a claim for "'bodily injury' or 'property damage' … caused by an 'occurrence'" within the

6

meaning of the Atlantic Casualty insurance contract. There is no coverage for injury or damage that is not caused by an "occurrence."

e. There is no coverage under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract is not triggered by this claim and to the extent that there is no covered "property damage" during the Atlantic Casualty insurance contract's policy period. The Atlantic Casualty insurance contract's policy period is from June 21, 2003 to June 21, 2004.

f. There is no coverage under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to the insured's product and/or work.

g. There is no coverage under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage as set forth in exclusions j, k, l, m and/or n.

h. There is no coverage under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the alleged injury or damage was expected or intended from the standpoint of any insured and/or to the extent that the Exclusion – Assault and/or Battery applies.

i. There is no coverage under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the exclusion b. relative to contractual liability applies.

7

j.  There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for injury or damage relative to pollution or pollutants.

k.  There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Granlund Action does not seek sums that any insured is legally obligated to pay as damages within the meaning of the Atlantic Casualty insurance contract.

l.  There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Mold, Fungus, Bacteria, Virus And Organic Pathogen Exclusion – Liability applies.

m.  There is no coverage under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that there is co-insurance, other insurance, self-insurance, deductibles, retentions, collateral sources of money, or other contractual indemnitors or to the extent the Atlantic Casualty insurance contract provides limited or no insurance based on an allocation and/or to the extent that the Atlantic Casualty insurance contract constitutes excess insurance.

31.  Atlantic Casualty's grounds for asserting that there is no coverage under the Atlantic Casualty insurance contract are based upon the facts which are available to Atlantic Casualty at this time.  Atlantic Casualty reserves the right to raise any additional grounds in the future should Atlantic Casualty determine such grounds to exist.

32. Based upon the foregoing, Atlantic Casualty is entitled to a judicial declaration that it has no coverage obligation, including no duty to provide a defense or indemnity, under the Atlantic Casualty insurance contract with respect to the <u>Granlund</u> Action.

## THE SECOND CAUSE OF ACTION

33. Atlantic Casualty repeats and realleges each of the foregoing paragraphs "1" through "32" as if fully set forth herein.

34. Atlantic Casualty is entitled to a declaration that there is no coverage obligation to the McGraw defendants under the Atlantic Casualty insurance contract, including any duty to defend and/or indemnify the McGraw defendants for the <u>Granlund</u> Action. While expressly incorporating and preserving all of the provisions in the Atlantic Casualty insurance contract, Atlantic Casualty is entitled to such relief for each of the reasons set forth above and the following:

    a. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to extent that all of the terms, conditions, provisions, and exclusions of the Atlantic Casualty insurance contract (which is fully incorporated herein) apply to bar or limit coverage.

    b. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds that there was a breach of the conditions precedent to insurance coverage, including the obligation to provide timely written notice to Atlantic Casualty of any alleged occurrence, claim and suit, to immediately provide Atlantic Casualty with copies of any demands, notices, summonses or legal papers, to cooperate, to admit no liability, to make no voluntary payments, and to incur no pre-tender sums.

The underlying incident allegedly occurred on June 27, 2003. The McGraw defendants learned about the underlying incident by at least December 2003. Atlantic Casualty was not sent any notice until February 23, 2004. That constitutes late notice and bars coverage as a matter of law.

   c. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the McGraw defendants are not insureds or additional insureds and/or to the extent that any limitation in any additional insured coverage (expressly incorporated herein) applies to this claim.

   d. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Exclusion – Independent Contractors/Subcontractors applies. The Granlund Action arises out of Eljin's work at the McGraw defendants' apartment. Eljin contracted with the McGraw defendants to do renovation work in the McGraw defendants' apartment. Thus, Eljin was a contractor working for the McGraw defendants at the time of the alleged incident.

   e. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Granlund Action does not assert a claim for "'bodily injury' or 'property damage' … caused by an 'occurrence'" within the meaning of the Atlantic Casualty insurance contract. There is no coverage for injury or damage that is not caused by an "occurrence."

   f. There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the Granlund Action on the grounds and to the extent that the Atlantic Casualty insurance contract is not triggered by this claim and to the extent that there is

no covered "property damage" during the Atlantic Casualty insurance contract's policy period. The Atlantic Casualty insurance contract's policy period is from June 21, 2003 to June 21, 2004.

g.   There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage to the insured's product and/or work.

h.   There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract (which is fully incorporated herein) excludes coverage for property damage as set forth in exclusions j, k, l, m and/or n.

i.   There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the alleged injury or damage was expected or intended from the standpoint of any insured and/or to the extent that the Exclusion – Assault and/or Battery applies.

j.   There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the exclusion b. relative to contractual liability applies.

k.   There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contract excludes coverage for injury or damage relative to pollution or pollutants.

l.  There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the <u>Granlund</u> Action does not seek sums that any insured is legally obligated to pay as damages within the meaning of the Atlantic Casualty insurance contract.

m.  There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that the Mold, Fungus, Bacteria, Virus And Organic Pathogen Exclusion – Liability applies.

n.  There is no coverage for the McGraw defendants under the Atlantic Casualty insurance contract for the <u>Granlund</u> Action on the grounds and to the extent that there is co-insurance, other insurance, self-insurance, deductibles, retentions, collateral sources of money, or other contractual indemnitors or to the extent the Atlantic Casualty insurance contract provides limited or no insurance based on an allocation and/or to the extent that the Atlantic Casualty insurance contract constitutes excess insurance.

35.  Atlantic Casualty's grounds for asserting that there is no coverage under the Atlantic Casualty insurance contract are based upon the facts which are available to Atlantic Casualty at this time. Atlantic Casualty reserves the right to raise any additional grounds in the future should Atlantic Casualty determine such grounds to exist.

36.  Based upon the foregoing, Atlantic Casualty is entitled to a judicial declaration that it has no coverage obligation, including no duty to provide a defense or indemnity, under the Atlantic Casualty insurance contract with respect to the <u>Granlund</u> Action.

## THE THIRD CAUSE OF ACTION

37. Atlantic Casualty repeats and realleges each of the foregoing paragraphs "1" through "36" as if fully set forth herein.

38. Atlantic Casualty is providing a courtesy interim defense to Eljin in connection with the Granlund Action.

39. As a result of Eljin's default in the Granlund Action, Eljin's courtesy interim defense counsel was required to move to vacate the default judgments in favor of defendants Pacific Indemnity and John and Marjorie McGraw.

40. By decision dated August 24, 2007, Justice Tolub granted Eljin's motion to vacate the default judgments in the Granlund Action.

41. Justice Tolub's August 24, 2007 decision ordered Eljin to pay $1,000.00 in sanctions "for necessitating this motion."

42. Pursuant to the courtesy interim defense, Atlantic Casualty fronted the $1,000.00 cost of the sanctions imposed by the Court on Eljin's behalf solely to protect Eljin's interests in the Granlund Action.

43. Atlantic Casualty is entitled to recover from Eljin the $1,000.00 it fronted to cover the sanctions imposed against Eljin in the Granlund Action.

44. Atlantic Casualty has incurred and will continue to incur amounts in connection with its defense of Eljin and may incur amounts for indemnity in the Granlund Action, including, without limitation, attorneys' fees, expenses, costs and disbursements, such as the $1,000.00 in sanctions, plus interest.

45. Eljin has been unjustly enriched by Atlantic Casualty providing a defense for the <u>Granlund</u> Action.

46. Atlantic Casualty is entitled to a money judgment against defendants, on grounds of unjust enrichment, indemnity, contribution, and contract, reimbursing it for past and future amounts that have been or will be incurred by Atlantic Casualty in its defense in the <u>Granlund</u> action, plus interest.

47. Atlantic Casualty is also entitled to a money judgment against defendants, on grounds of unjust enrichment, indemnity, contribution, and contract, reimbursing it for any amounts that are incurred by Atlantic Casualty as indemnity in the <u>Granlund</u> action, plus interest.

48. For the foregoing reasons, Atlantic Casualty is entitled to a money judgment that awards and reimburses Atlantic Casualty for any and all past and future sums, attorneys' costs, fees, expenses, awards and disbursements and any indemnity payments, plus interest, which have been or will be paid by Atlantic Casualty in connection with the <u>Granlund</u> Action.

**WHEREFORE,** Plaintiff Atlantic Casualty prays for judgment:

1. With respect to the First Cause of Action, declaring that Atlantic Casualty owes no coverage obligation, including no duty to defend or indemnify, for the underlying incident and all resulting claims, including the <u>Granlund</u> Action.

2. With respect to the Second Cause of Action, declaring that Atlantic Casualty owes no coverage obligation to the McGraw defendants, including no duty to defend or indemnify, for the underlying incident and all resulting claims, including the <u>Granlund</u> Action.

3. With respect to the Third Cause of Action, awarding Atlantic Casualty a money judgment for all sums, costs, fees, expenses, disbursements and any indemnity payments, plus

interest, incurred in connection with the underlying incident and all resulting claims, including the <u>Granlund</u> Action.

4. Awarding Atlantic Casualty its attorneys' fees, costs and disbursements incurred in this action; and

5. Awarding Atlantic Casualty such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Dated: New York, New York
December 13, 2007

Respectfully submitted,

**NIXON PEABODY LLP**

By: *Cyril E. Smith*
Aidan M. McCormack (AM 3017)
Cyril E. Smith (CS8359)
*Attorneys for Plaintiff*
*Atlantic Casualty Insurance Company*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

10597664.1