UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
ATLANTIC CASUALTY INSURANCE
COMPANY,

                Plaintiff,

-against-

ELJIN CONSTRUCTION, JOHN
MCGRAW, MARJORIE MCGRAW,
and JOAN GRANLUND,

                Defendants
-----------------------------------------------------------------

Case No. 07 CV 11264 (HB)

**VERIFIED ANSWER**

**(Defendant Demands a Trial by Jury)**

      The defendant, ELJIN CONSTRUCTION, by its attorneys, Newman & Okun, P.C., as and for its Verified Answer to the Complaint for Declaratory Judgment and Money Judgment, respectfully alleges, upon information and belief:

      1.    Denies each and every allegation contained in paragraph numbered "1" of the Complaint, except admits that Eljin was insured by Atlantic Casualty Insurance Company on or about June 27, 2003, and is entitled to coverage for the "underlying incident" from Atlantic Casualty.

      2.    Denies each and every allegation contained in paragraph numbered "3" of the Complaint.

      3.    Denies each and every allegation contained in paragraph numbered "4" of the Complaint, except admits that Atlantic Casualty retained defense counsel to represent Eljin in the Granlund Action.

      4.    Denies each and every allegation contained in paragraphs numbered "5" and "6" of the Complaint.

      5.    Lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered "7", "8", "9" and "10" of the Complaint.

      6.    Denies each and every allegation contained in paragraphs numbered "11" and "12" of the Complaint.

7. Lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph numbered "13" of the Complaint.

8. Denies each and every allegation contained in paragraph numbered "14" of the Complaint.

9. Lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs numbered "15" and "16" of the Complaint.

10. Denies each and every allegation contained in paragraphs numbered "18", "19" and "21" of the Complaint.

11. Denies each and every allegation contained in paragraph numbered "23" of the Complaint, except admit that Eljin Believed that Atlantic Casualty had arranged for defense counsel to appear for Eljin in the Granlund Action.

12. Denies each and every allegation contained in paragraph numbered "25" of the Complaint.

13. Neither Admits or Denies each and every allegation contained in paragraph numbered "28" of the Complaint which constitute allegations of law to be decided by the Court.

### ANSWERING THE FIRST CAUSE OF ACTION

14. Defendant repeats and reiterates each and every allegation set forth in paragraphs 1 through 13 above as if set forth at length herein.

15. Denies each and every allegation contained in paragraphs numbered "30", "31" and "32" of the Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION

16. Defendant repeats and reiterates each and every allegation set forth in paragraphs 1 through 15 above as if set forth at length herein.

17. Denies each and every allegation contained in paragraphs numbered "34", "35" and "36" of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

18. Defendant repeats and reiterates each and every allegation set forth in paragraphs 1 through 17 above as if set forth at length herein.

19. Denies each and every allegation contained in paragraphs numbered "38", "39", "42", "43", "45", "46", "47" and "48" of the Complaint.

20. Admits each and every allegation contained in paragraphs numbered "40", "41" and "44" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

21. The Court lacks personal jurisdiction over the defendant due to plaintiff's failure to serve process in accordance with Section 308 of the Civil Practice Law and Rules.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The complaint in its entirety, and each cause of action contained therein, fail to state a cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

23. That this action is time-barred due to plaintiff's laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

24. That this action is barred by the doctrine of estoppel.

WHEREFORE, the defendant respectfully requests judgment dismissing the complaint, granting the costs and disbursements of this action, and for such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
January 23, 2008

Respectively Submitted;

NEWMAN & OKUN, P.C.

By: _____
Eric M. Babat (EB-5573)
*Attorneys for Defendant*
*Eljin Construction*
8 West 38th Street, 9th Fl.
New York, New York 10018
(212) 642-0950

TO:

NIXON PEABODY, LLP
Attorneys for Plaintiff
ATLANTIC CASUALTY INSURANCE CO.
437 Madison Avenue
New York, New York 10022
(212) 940-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ATLANTIC CASUALTY INSURANCE
COMPANY,

                Plaintiff,

-against-

ELJIN CONSTRUCTION, JOHN
MCGRAW, MARJORIE MCGRAW,
and JOAN GRANLUND,

                Defendants
-------------------------------------------------------

Case No. 07 CV 11264 (HB)

**CORPORATE VERIFICATION**

STATE OF NEW YORK  )
                           : ss.:
COUNTY OF NEW YORK  )

      I, DENNIS McCARTHY, being duly sworn, depose and say:

      That I am the President of ELJIN CONSTRUCTION, a corporation and a party in the within action; I have read the foregoing ANSWER and know the contents thereof; and the same is true to my own knowledge, except the matters therein stated to be alleged upon information and belief, and as to those matters I believe to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

                                              DENNIS McCARTHY

Sworn to before me this
28th day of January, 2008

NOTARY PUBLIC

ERIC M. BABAT
Notary Public, State of New York
No. 02BA4981963
Qualified in Westchester County
Commission Expires May 20, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

ATLANTIC CASUALTY INSURANCE
COMPANY,

                       Plaintiff,

         -against-

ELJIN CONSTRUCTION, JOHN
MCGRAW, MARJORIE MCGRAW,
and JOAN GRANLUND,

                       Defendants
-----------------------------------------------------------------

Case No. 07 CV 11264 (HB)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK   )
                              : ss.:
COUNTY OF NEW YORK )

      HAL BERMAN, being duly sworn, deposes and says:

      That I am not a party to the within action and am over the age of 18 years, and reside in Brooklyn, New York.

      That on the 29th day of January, 2008, I served the within VERIFIED ANSWER, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official United States Postal Service depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon:

NIXON PEABODY, LLP
Attorneys for Plaintiff
ATLANTIC CASUALTY INSURANCE CO.
437 Madison Avenue
New York, New York 10022

_____
HAL BERMAN

Sworn to before me on this
29th day of January, 2008

_____
NOTARY PUBLIC

DARREN SEILBACK
Notary Public, State of New York
No. 02SE6124082
Qualified in New York County
Commission Expires March 21, 20__