UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ATLANTIC CASUALTY INSURANCE COMPANY,           Index No.: 07 CV 11264

        Plaintiff

                              **VERIFIED ANSWER TO**
        v.                         **COMPLAINT**

ELJIN CONSTRUCTION, JOHN MCGRAW,              **DEFENDANT DEMANDS**
MARJORIE MCGRAY, AND JOAN GRANLUND,           **TRIAL BY JURY**

        Defendants
----------------------------------------x

      Defendant, Joan Granlund, by her attorneys, EUSTACE & MARQUEZ, answers the Complaint of the Plaintiffs by stating as follows:

      1.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

      2.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

      3.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

      4.  Denies, upon information and belief, the allegations of paragraph 5.

      5.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

      6.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

7.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

8.   Denies, upon information and belief, the allegations of paragraph 9 and respectfully refers all questions of law to this Honorable Court.

9.   Denies, upon information and belief, the allegations of paragraph 10 and respectfully refers all questions of law to this Honorable Court.

10.  Denies, upon information and belief, the allegations of paragraph 11 and respectfully refers all questions of law to this Honorable Court.

11.  Denies, upon information and belief, the allegations of paragraph 12 and respectfully refers all questions of law to this Honorable Court.

12.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

13.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

14.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

24. Responds to paragraph 29 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

25. Denies, upon information and belief, the allegations of paragraph 30(a)-30(m) and respectfully refers all questions of law to this Honorable Court.

26. Denies, upon information and belief, the allegations of paragraph 31 and respectfully refers all questions of law to this Honorable Court.

27. Denies, upon information and belief, the allegations of paragraph 32 and respectfully refers all questions of law to this Honorable Court.

28. Responds to paragraph 33 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

29. Denies, upon information and belief, the allegations of paragraph 34(a)-34(n) and respectfully refers all questions of law to this Honorable Court.

30. Denies, upon information and belief, the allegations of paragraph 35 and respectfully refers all questions of law to this Honorable Court.

31. Denies, upon information and belief, the allegations of paragraph 36 and respectfully refers all questions of law to this Honorable Court.

32. Responds to paragraph 37 of the Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

33. Denies, upon information and belief, the allegations of paragraph 38 and respectfully refers all questions of law to this Honorable Court.

34. Denies, upon information and belief, the allegations of paragraph 39 and respectfully refers all questions of law to this Honorable Court.

35. Denies, upon information and belief, the allegations of paragraph 40 and respectfully refers all questions of law to this Honorable Court.

36. Denies, upon information and belief, the allegations of paragraph 41 and respectfully refers all questions of law to this Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

37. Upon information and belief the causes of action alleged in the Complaint fail to properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:

38. Upon information and belief the causes of action alleged in the Plaintiffs Complaint fail to properly name a party necessary to this action.

WHEREFORE, this Defendant demands judgment dismissing the Complaint, together with costs and disbursements, and in the event any judgment or settlement is recovered herein against this Defendant, then this Defendant further demands that such judgment be reduced by the amount which is proportionate to the degree of culpability of any plaintiff, and this Defendant further demands judgment against each other party on the respective crossclaims

and/or counterclaims.

DATED: February 12, 2008
       White Plains, New York

                              Yours, etc.,

                              **EUSTACE & MARQUEZ**
                              Attorneys for Defendant
                              **JOAN GRANLUND**
                              Office and Post Office Address
                              1311 Mamaroneck Avenue
                              3rd Floor
                              White Plains, New York  10605
                              (914) 989-6650

                              By: _____
                              Rose M. Cotter
                              (RMC - 6092)

To:

Nixon Peabody LLP
Attorneys for Plaintiff, Atlantic Casualty Insurance Company
437 Madison Avenue
New York, New York  10022

John McGraw
825 5th Avenue, 15A
New York, New York  10065

Marjorie McGraw
825 5th Avenue
Apartment 15A
New York, New York  10065

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ATLANTIC CASUALTY INSURANCE COMPANY,

        Plaintiff

        v.

ELJIN CONSTRUCTION, JOHN MCGRAW, MARJORIE
MCGRAY, AND JOAN GRANLUND,

        Defendants
------------------------------------x

Index No.: 07 CV 11264

**VERIFICATION**

    Rose M. Cotter, an attorney duly admitted to practice law before the Courts of New York State, hereby affirms under the penalties of perjury pursuant to CPLR 2106:

    I am an associate of the firm of EUSTACE & MARQUEZ, attorneys for the Defendant, Joan Granlund.

    I submit the following statement upon information and belief, based upon an inspection of the records maintained by this office, which records I believe to be true.

    That I have read the contents of the attached VERIFIED ANSWER TO COMPLAINT for Defendant Joan Granlund and believe it to be true based on information available or maintained by this firm. I make this verification because this Defendant is either a foreign corporation or is not located

in Westchester County.

DATED: February 12, 2008
       White Plains, New York

                                          _____
                                          Rose M. Cotter
                                          (RMC - 6092)

```
UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------x    Index No.:  07 CV
ATLANTIC CASUALTY INSURANCE COMPANY,     11264

                Plaintiff                NOTICE PURSUANT TO
                                         CPLR 2103
             v.

ELJIN CONSTRUCTION, JOHN MCGRAW, MARJORIE
MCGRAY, AND JOAN GRANLUND,

                Defendants
------------------------------------x
```

**PLEASE TAKE NOTICE** that Defendant **Joan Granlund**, by her attorneys, EUSTACE & MARQUEZ, hereby serve(s) Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that it **expressly rejects** service of papers in this matter upon them by electronic means.

**PLEASE TAKE FURTHER NOTICE** that waiver of the foregoing may only be affected by express prior written consent to such service by **EUSTACE & MARQUEZ** and by placement thereby of **EUSTACE & MARQUEZ** electronic communication number in the address block of papers filed

with the Court.

DATED: February 12, 2008
       White Plains, New York

                                        Yours, etc.,

                                        **EUSTACE & MARQUEZ**
Attorneys for Defendant
**JOAN GRANLUND**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650

By: _____
Rose M. Cotter
(RMC - 6092)

To:

Nixon Peabody LLP
Attorneys for Plaintiff, Atlantic Casualty Insurance Company
437 Madison Avenue
New York, New York  10022

John McGraw
825 5th Avenue, 15A
New York, New York  10065

Marjorie McGraw
825 5th Avenue
Apartment 15A
New York, New York  10065

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ATLANTIC CASUALTY INSURANCE COMPANY,          Index No.:  07 CV
                                              11264
                Plaintiff

                v.                            **AFFIDAVIT OF SERVICE**

ELJIN CONSTRUCTION, JOHN MCGRAW, MARJORIE
MCGRAY, AND JOAN GRANLUND,

                Defendants
----------------------------------------x

STATE OF NEW YORK           )
                            ss.
COUNTY OF WESTCHESTER       )

Janet Salaycik-Formisano, being duly sworn, deposes and says:
That I am over the age of eighteen years (18) and not a party to this action.
That on February 12, 2008, I served upon:

Nixon Peabody LLP
Attorneys for Plaintiff, Atlantic Casualty Insurance Company
437 Madison Avenue
New York, New York  10022

John McGraw
825 5th Avenue, 15A
New York, New York  10065

Marjorie McGraw
825 5th Avenue
Apartment 15A
New York, New York  10065

A true copy of the annexed **VERIFIED ANSWER TO COMPLAINT and NOTICE PURSUANT TO CPLR 2103** by depositing it endorsed in a postpaid properly addressed wrapper, in a post office or, official depository under the exclusive care and custody of the United States Postal Service within the State of New

York, at the address designated by him or her upon the last paper served by him or her in the action.

DATED: February 12, 2008
       White Plains, New York

                                       _____
                                       Janet Salaycik-Formisano

Sworn and subscribed
Before me on February 12, 2008

_____
Notary Public

ARLENE M. KELLY
Notary Public, State of New York
No. 01KE6049180
Qualified in Rockland County
Commission Expires 10/10/10

Index No.:  07 CV 11264

UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ATLANTIC CASUALTY INSURANCE COMPANY,

        Plaintiff

  against

ELJIN CONSTRUCTION, JOHN MCGRAW, MARJORIE MCGRAY,
AND JOAN GRANLUND,

        Defendants

---

**VERIFIED ANSWER TO COMPLAINT and NOTICE PURSUANT TO CPLR 2103**

---

EUSTACE & MARQUEZ
Attorneys for Defendant
**Joan Granlund**
Office and Post Office Address
1311 Mamaroneck Avenue
3rd Floor
White Plains, New York  10605
(914) 989-6650